the term, it is the duty of the lessor to exercise due diligence in rerenting the premises and thereby lessen the damages.

3. AFFIDAVITS, § 5*—*when defects in certificate of notary waived.* Where an affidavit in support of a motion to open a judgment by confession was made before a notary public in a certain county in another State, *held* that the fact that the notary did not certify that he was authorized to administer oaths in said county could not be urged on appeal where the point was not raised in the court below and both parties and the court treated the affidavit as valid.

---

## The People of the State of Illinois ex rel. Natale D. Angelica, Appellee, v. Carter H. Harrison et al., Appellants.

### Gen. No. 19,915.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded with directions. Opinion filed November 10, 1914. Rehearing denied November 24, 1914.

### Statement of the Case.

Petition by the People of the State of Illinois ex rel. Natale D. Angelica for a writ of mandamus, directed to Carter H. Harrison, as mayor of the city of Chicago, Francis D. Connery, as city clerk, and Edward Cohen, as city collector, and to the city of Chicago, a municipal corporation, directing and commanding them to issue to petitioner a license to conduct a dramshop upon the premises known as No. 113 East 25th street, in said city, for a period of six months beginning May 1, 1913. The defendants filed an answer and a hearing was had, and on April 30, 1913, the court adjudged that the writ issue forthwith as prayed. From the judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment, the defendants prayed and perfected this appeal.

It was admitted that certain ordinances set forth in the petition were and had been for some years past in full force and effect in said city, and were all of the ordinances which applied to and governed the issuance of dramshop licenses. Said ordinances provided, *inter alia,* that "the mayor shall grant a license for the keeping of a saloon or dramshop within the city to any person who shall apply to him in writing therefor, and who shall furnish satisfactory evidence of good character."

WILLIAM H. SEXTON, for appellants; JOSEPH F. GROSSMAN, and JOHN E. FOSTER, of counsel.

L. H. CRAIG, for appellee; GUSTAV H. WISCHMAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

INTOXICATING LIQUORS, § 30*—*when issuance of license cannot be compelled by mandamus.* Action of the mayor of a city in refusing to issue a dramshop license on the ground that the proposed location of the dramshop was in a residential neighborhood, *held* not such an abuse of discretion on the part of the mayor as to warrant the issuance of a writ of mandamus to compel him to issue the same, it appearing that the buildings in the immediate neighborhood were chiefly used for residential purposes and that the mayor in refusing the license was actuated by the conviction that the best interest of the people in the particular neighborhood demanded that the license be denied.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.